**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

EMANUEL BRYANT,

            Plaintiff,

vs.

CASIO; et.al.,

            Defendants.

Case No. 2:16–cv–3011–APG–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1) AND COMPLAINT (ECF NO. 1-1)

    Before the court are Bryant's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1).  For the reasons stated below, Bryant's *in forma pauperis* application is granted and he may proceed with this action.  It is recommended that Bryant's complaint be dismissed with leave to amend.

**I. Discussion**

    Bryant's filings present two questions: (1) whether Bryant may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Bryant's complaint states a plausible claim for relief.  Each is discussed below.

1. Bryant May Proceed *In Forma Pauperis*

    Bryant's application to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."  Pursuant to section 1915(a)(1), Bryant submitted a financial affidavit.  (ECF No. 1).  According to the affidavit, Bryant is self-employed and has less than $90 in his checking and savings accounts.  Bryant's application to proceed *in forma pauperis* is, therefore, granted.

## II. Legal Standard

Because the court grants Plaintiff's application to proceed *in forma pauperis*, it must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Plaintiff's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

42 U.S.C. §1981 bars any individual or entity from discriminating based on race in the making and enforcement of contracts.[1] "For the purposes of this section, the term 'make and enforce contracts' includes, the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." 42 U.S.C. §1981 (1991).

In order to state a claim under section 1981, a plaintiff must allege that "(1) plaintiff is a member of a racial minority; (2) defendant intentionally discriminated against plaintiff because of his or her race; and (3) the discrimination involved the making or enforcing of a contract." *See Allen v. U.S. Bancorp*, 264 F.Supp. 2d 945, 948 (D.Or. 2003)(citing *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989)). Bryan's allegations regarding the Defendants' intent is speculative. He claims to have researched Defendant Casio's reviews on the Better Business Bureau website and, based on those reviews, now

---

[1] Bryant's complaint alleges a violation of 42 U.S.C. §2000a, which prohibit discrimination in places of public accommodation. Construing Bryant's pleadings liberally, this court concludes that his claim is actually one for violation of 42 U.S.C. §1981.

"firmly believes Casio has treated me in a negative way because I am black." (ECF No. 1-1)   There is insufficient factual detail to reach the conclusion that any discrimination was intentional.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Bryant's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint.  (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security.  This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Bryant's complaint (ECF No. 1-1) be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

IT IS FURTHER ORDERED that if the court adopts this report and recommendation, and an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint.  The court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable.  *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the

objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 12th day of January, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE