# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

EMANUEL BRYANT,

        Plaintiff,

vs.

CASIO, *et al.*,

        Defendants.

2:16-cv-03011-APG-VCF

**ORDER**

AMENDED COMPLAINT [ECF NO. 6]

    Before the Court is pro se Plaintiff Emanuel Bryant's amended complaint. (ECF No. 6). For the reasons discussed below, Plaintiff's amended complaint is dismissed without prejudice.

## BACKGROUND

    The Court previously granted Plaintiff's *in forma pauperis* application (ECF No. 3) and dismissed his complaint without prejudice (ECF No. 5). Plaintiff subsequently filed an amended complaint, though it is titled as a "Motion for Amended Complaint." (ECF No. 6).

    The amended complaint does not list or describe the Defendants. (*Compare* ECF No. 1-1 at 1-2 *with* ECF No. 6 at 1). The amended complaint alleges that Casio has violated Plaintiff's rights under 42 U.S.C. § 1981. (ECF No. 6 at 1). Plaintiff asserts that Casio ignored Plaintiff's complaints that a watch permanently scarred him based on Plaintiff's race. (*Id.* at 1-2).

## DISCUSSION

    28 U.S.C. § 1915 requires that, should the Court grant an application to proceed *in forma pauperis*, the Court must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8

mandates that a claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To meet Rule 8's burden, a complaint must contain "sufficient factual matter" establishing that the claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Courts must liberally construe pleadings drafted by pro se litigants. *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

### A. The Amended Complaint Must Be Complete in Itself

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1.

Plaintiff's original complaint contained a description of the Defendants. (ECF No. 1-1 at 1-2). This description is not contained in the amended complaint. (ECF No. 6 at 1). The Court can only evaluate the amended complaint, because it has replaced the original complaint in this case.[1] Because there is information in the original complaint that has been omitted from the amended complaint, the Court dismisses Plaintiff's amended complaint without prejudice. This will give Plaintiff the opportunity to submit a second amended complaint that contains all of the information at issue in this case.

### B. Plaintiff's Claim is Difficult to Follow

Though "[n]o technical form is required for complaints (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)).

---

[1] However, the Court notes that the description of Defendants in the original complaint causes concerns regarding jurisdiction in this case. Defendants appear to be located in New Jersey and California. (ECF No. 1-1 at 1-2). Parties must have some minimum contacts with Nevada for the Court to have personal jurisdiction over them. *See Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141-42 (9th Cir. 2017).

2

In the amended complaint, Plaintiff broadly asserts that he "tried contacting Casio directly on numerous occasions to get a resolution," but he was "consistently ignored." (ECF No. 6 at 2). Plaintiff then lists several responses he received from Casio without indicating when they took place. (*Id.*). Plaintiff also makes contradictory allegations regarding Casio's alleged bias against him. Plaintiff states that Casio only responded to his communications once he sent a certified demand letter containing photographs. (*Id.*). However, Plaintiff also states that "[o]nce they learned that [he] was African-American because of the pictures…they ceased being cooperative." (*Id.*).

Attached to the amended complaint are dozens of pages of exhibits. (*Id.* at 3-61). However, the amended complaint does not explain what the exhibits are or cite to them. The Court will not go through almost 60 pages of exhibits to try and determine how, or whether, they support Plaintiff's vague allegations in his complaint. Dismissing the amended complaint without prejudice will allow Plaintiff the opportunity to make his allegations clearer.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's amended complaint (ECF No. 6) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until May 31, 2019 to file a second amended complaint addressing the issues discussed above. Failure to timely file a second amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if a second amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the second amended complaint. The Court will issue a screening order on the second amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 3rd day of May, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE